Case 5:20-cv-00017-MFU   Document 1   Filed 03/03/20   Page 1 of 13   Pageid#: 1

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
3/3/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **Sestra Systems, Inc.**<br>45180 Business Court<br>Suite 100<br>Sterling, VA 20166<br><br>           Plaintiff,<br><br>v.<br><br>**BarTrack, Inc.**<br>2374 Newberry Lane<br>Harrisonburg, VA 22801<br><br>    and its Statutory Agent,<br><br>    c/o Resident Agents, Inc.<br>    8 The Green<br>    Dover, DE  19901<br><br>           Defendant. | Case No. 5:20-cv-00017<br><br>Judge Dillon<br><br>Magistrate _____<br><br>**COMPLAINT FOR<br>PATENT INFRINGEMENT**<br><br>*(Jury Demand Endorsed Hereon)* |

NOW COMES the Plaintiff, *Sestra Systems, Inc.*, through undersigned counsel, and for its Complaint against the Defendant alleges as follows:

## THE PARTIES

1. The Plaintiff, Sestra Systems, Inc. ("Sestra"), is a corporation organized under the laws of Delaware, with its principal place of business in Sterling, Virginia, which is in Loudoun County.

2. Upon information and belief, the Defendant, BarTrack, Inc. ("BarTrack") is a corporation organized under the laws of Delaware, with a principal place of business in Harrisonburg, Virginia, which is in Rockingham County, which is within the jurisdiction of the U.S. District Court for the Western District of Virginia.  Upon information and belief, the

Defendant makes, uses, sells, offers for sale, and/or imports infringing product in the United States. Since the Defendant has its principal place of business in Rockingham County, Virginia, venue is proper in this Court pursuant to *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017).

3. Upon information and belief, shareholders, members or agents of BarTrack hold themselves out as 'partners' to both members of the public as well as customers and prospective customers.

## JURISDICTION AND VENUE

4. This is an action for, among other things, patent infringement, injunctive relief and damages in excess of $75,000.00, exclusive of interest and costs.

5. The patent claims against **BarTrack, Inc.** ("BarTrack") arise under the patent laws of the United States, specifically 35 U.S.C. § 281. This Court has federal question subject matter jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 because this action arises under United States' patent laws.

6. This Court has personal jurisdiction over the Defendant by virtue of Defendant's manufacture and use of products, sale of products, transaction of business, and solicitation of business within the Commonwealth of Virginia, within this judicial district and elsewhere.

7. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and infringement occurred within this judicial district.

**FACTUAL ALLEGATIONS**

8. Sestra is in the business of designing, manufacturing, and selling automated beverage dispensing products and systems, providing customer service and support. Sestra's product line includes, among other offerings, automated touchless faucets and/or taps, automated beverage dispensing systems integrated with touchless taps, alerting, reporting, integration with POS systems, and inventory management systems. Sestra markets and sells products to hospitality, entertainment venues, and retail business establishments that serve alcoholic beverages such as beer, wine, liquor, and cocktails.

9. Sestra has found great success in the marketplace, by virtue of its products and services impacting its customers' bottom lines through accurate and repeatable dispensing of beverages and mitigation of losses known as "shrinkage." Within the industry, "shrinkage" is a term which refers to the result of unauthorized dispensing or over pouring. In addition, Sestra's products provides real-time management and inventory control and reporting.

10. Sestra goes to great lengths to protect its intellectual property. To that end, Sestra's various systems are patented inventions and/or inventions with patent pending status.

11. On March 27, 2019, United States Utility Patent No. 9,926,181 entitled "Touchless Tap Handle for Beverage Dispensing" (the "'181 patent") was duly and legally issued. <u>(A true and accurate copy of the '181 patent as issued attached to and made part of this Complaint, as "Exhibit 1.")</u>

12. All rights to the '181 patent, including but not limited to the right to recover for infringement of the same, have been assigned to Sestra.

13. On May 21, 2019, United States Utility Patent No. 10,294,093 entitled "Touchless Tap Handle for Beverage Dispensing" (the "'093 patent") was duly and legally issued. (A true and accurate copy of the '093 patent as issued attached to and made part of this Complaint, as "Exhibit 2.")

14. All rights to the '093 patent, including but not limited to the right to recover for infringement of the same, have been assigned to Sestra.

15. On November 13, 2018, United States Utility Patent No. 10,125,002 entitled "Beverage Dispensing System" (the "'002 patent") was duly and legally issued. (A true and accurate copy of the '002 patent as issued attached to and made part of this Complaint, as "Exhibit 3.")

16. All rights to the '002 patent, including but not limited to the right to recover for infringement of the same, have been assigned to Sestra.

17. On May 21, 2019, United States Utility Patent No. 10,294,092 entitled "Beverage Dispensing System" (the "'092 patent") was duly and legally issued. (A true and accurate copy of the '092 patent as issued is attached to and made part of this Complaint, as "Exhibit 4.")

18. All rights to the '092 patent, including but not limited to the right to recover for infringement of the same, have been assigned to Sestra.

19. On January 1, 2019, United States Utility Patent No. 10,167,183 entitled "System and Method for Beverage Dispensing" (the "'183 patent") was duly and legally issued. (A true and accurate copy of the '183 patent as issued is attached to and made part of this Complaint, as "Exhibit 5.")

20. All rights to the '183 patent, including but not limited to the right to recover for infringement of the same, have been assigned to the Sestra.

21. As a result of its market success and patented technical development, Sestra's products and brands have established substantial and valuable goodwill among its customers.

22. Defendant's products are advertised as similar in purpose to those of Sestra, namely: (a) a Smart Faucet that provides for automated beverage pouring; (b) a BarTrack inventory management system that "continuously monitoring beer-specific variables and alerting you when anomalies occur"; and (c) a Point of Sale (POS) system that "compares what was sold against what was poured."

23. But unlike Sestra, Defendant has not made investments of development and money that result in patented technology nor created the customer service and support systems that have led to rapid commercial success. Rather, Defendant instead approaches prospective and existing customers of Sestra Systems technology and makes grandiose claims about Defendant's "revolutionary technology" being "the most accurate, reliable, and cost-efficient" on the market.

24. Defendant advertise its 'sensor-enabled inventory management system' as 'patent-pending'.

25. On information and belief, BarTrack does not have any such patent pending sensor enable inventory management system.

26. Upon information and belief, BarTrack continues to make, use, sell or advertise for sale product(s) that reads and infringes upon the Plaintiff's '181 patent.

27. Upon information and belief, BarTrack continues to make, use, sell or advertise for sale product(s) that reads and infringes upon the Plaintiff's '093 patent.

28. U Upon information and belief, BarTrack continues to make, use, sell or advertise for sale product(s) that, when installed as modifications to existing beverage dispensing systems, results in a combination that reads and infringes upon the Plaintiff's '002 patent.

29. Upon information and belief, BarTrack continues to make, use, sell or advertise for sale product(s) that, when installed as modifications to existing beverage dispensing systems, results in a combination that reads and infringed upon the Plaintiff's '092 patent.

30. Within this Complaint, the '183 patent, the '093 patent, the '181 patent, the '092 patent, and the '002 may be referred to collectively as the "Sestra Patents".

31. Upon information and belief, Defendant intentionally contacts Sestra's customer and state false, misleading, deceptive, and harmful information concerning Sestra's products and services in a deliberate effort to vilify Plaintiff, discourage Sestra's potential and existing customers from engaging in business with Sestra or purchasing products from Sestra and encourage customers to engage in business with BarTrack and purchase BarTrack products instead.

32. Sestra has on numerous occasions attempted to contact Defendant directly to discuss reasonable business resolutions to the issue contained herein. However, Defendant continues to ignore Sestra's correspondences and has taken to refusing and returning mail sent to them directly.

33. Defendant knows or should have known of some contractual relationships with Sestra's customers.

34. Defendant knows or should have known of the business expectancy that Sestra has with its customers and prospective customers.

35. Defendant's false and misleading statements tarnish Sestra's products reputation and brands and substantially harm Sestra's valuable goodwill among its customers.

36. On information and belief, BarTrack does not have, manufacture, or inventory products or inventory of its own unique design to sell or provide, but is engaging in 'vaporware', the practice of advertising and selling software or hardware that is not yet available to buy, either because it is only a concept or because it is still being written or designed.

37. BarTrack's 'vaporware' activities are done intentionally to induce or cause a breach or termination of the contractual relationship between Sestra and its customers.

38. BarTrack's 'vaporware' activities are done intentionally to induce or cause a breach or termination of the business expectancy between Sestra and its customers.

39. Defendant's false, misleading, and deceptive statements permeate the internet, as Defendant disseminate them through websites, and via contact with Plaintiff's customers and potential customers.

40. Consequently, Defendant's misleading and deceptive practices described herein, proximately harmed and continue to harm to Sestra in that potential sales of were diverted to Defendant.

### CLAIM NO. 1
*(Patent Infringement 35 U.S.C. § 271 et seq.)*

41. Sestra incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

42. BarTrack has been and is currently making, using, offering for sale, selling, and/or importing products that infringe upon one or more of the Sestra Patents. (See Ex. 1–4.)

43. BarTrack's conduct infringes upon one or more of the Sestra Patents and is in violation of 35 U.S.C. § 27, within this judicial district and elsewhere.

44. Upon information and belief, BarTrack will continue to make, use, offer for sale, sell, and import products which infringe upon one or more of the Sestra Patents unless enjoined by this Court.

45. Sestra alleges direct infringement, indirect infringement, induced infringement, and infringement under the doctrine of equivalents.

46. Upon information and belief, BarTrack's infringement is, and at all times has been, deliberate, willful, with full knowledge of Sestra's rights in the Sestra Patents, and wanton. As a result, Sestra is entitled to treble damages pursuant to 35 U.S.C. § 284.

47. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### CLAIM NO. II
*(Product Disparagement/Defamation)*

48. Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

49. Defendant have made false, misleading, and derogatory statements about Sestra products and services to the public.

50. Specifically, Defendant communicated directly with Sestra customers and prospective customers a comparison between Sestra products and BarTrack products.  Further, Defendant stated directly or by implied that Sestra products are inferior to Defendant's and

that BarTrack "monitors every drop of beer" to "subsequently result in a significant increase in keg yields, which translates to thousands of dollars of realized revenue each year."

51. Defendant made these statements intentionally and with knowledge that these statements were false and with the intention of harming plaintiff by diverting sales from Sestra's potential consumers.

## CLAIM NO. III
*(False Marking under 35 U.S.C. §252)*

52. Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

53. Defendant has falsely markeded its advertising as "patent pending" in violation of 35 35 U.S.C. §252.

54. Sestra has suffered a competitive injury as a result of Defendant's actions.

## CLAIM NO. IV
*(Tortious Interference with Contract or Business Expectancy)*

55. Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

56. Sestra has valid contractual relationships with its customers.

57. Sestra has business expectancies with its customers and prospective customers.

58. Defendant's actions intentionally interfere with or are intended to induce or cause a breach of the contractual relationship that Sestra has with its customers.

59. Defendant's actions intentionally interfere with or are intended to interfere with the business expectancy that Sestra has with its customers or prospective customers.

60. Defendant's actions have disrupted Sestra's contractual relationships or business expectancies.

61. Sestra has been damaged by such disruptions and Defendant's actions.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, Sestra prays that this Court enter an Order against Bar Track as follows:

A) A preliminary injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '181 patent;

B) A permanent injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '181 patent;

C) A preliminary injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '093 patent;

D) A permanent injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringes upon the '093 patent;

E) A preliminary injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '002 patent;

F) A permanent injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '002 patent;

G) A preliminary injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '092 patent;

H) A permanent injunction enjoining BarTrack from making, using, selling, or importing any product(s) which infringe upon the '092 patent;

I) A preliminary injunction enjoining BarTrack from disparagement of Sestra's product(s);

J) A permanent injunction enjoining BarTrack from disparagement of Sestra's product(s);

K) A preliminary injunction enjoining BarTrack from falsely marking product(s) as 'patent pending';

L) A permanent injunction enjoining BarTrack from falsely marking product(s) as 'patent pending';

M) A preliminary injunction enjoining BarTrack from interfering with contracts and/or business expectancies between of Sestra and its customers and prospective customers;

N) A permanent injunction enjoining BarTrack from interfering with contracts and/or business expectancies between of Sestra and its customers and prospective customers;

O) An accounting for damages resulting from BarTrack's infringement of the Sestra Patents, and the trebling of such damages because of BarTrack's knowing, willful, and wanton conduct;

P) An assessment of interest on the damages so computed;

Q) An award of attorney's fees and costs in this action under 35 U.S.C. § 285;

R) An award of statutory damages, actual damages, attorney's fees and costs in this action under 35 U.S.C. § 292;

S) Judgment against BarTrack indemnifying Sestra from any claims brought against Sestra for negligence, debts, product liability, or other breaches of any duty owed by the BarTrack to any person who was confused as to some association between the parties as alleged in this Complaint;

T) Judgment against BarTrack for an accounting and monetary award in an amount to be determined at trial;

U) Requiring BarTrack to account to Sestra for all sales and purchases that have occurred to date, and requiring BarTrack to disgorge any and all profits derived by BarTrack as a result of selling products which infringe upon the Sestra Patents;

V) Requiring BarTrack to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

W) Requiring BarTrack to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

X) Requiring BarTrack to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to Sestra;

Y) Ordering a product recall of BarTrack's infringing product(s) for destruction;

Z) Requiring BarTrack to file with this Court and serve on Sestra within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

AA) Requiring BarTrack to provide Sestra with all sales records, including but not limited to, email, mail, and advertising lists;

BB) Damages according to each cause of action herein;

CC) Prejudgment interest; and

DD) Any such other relief in law or equity that this honorable Court deems just

## JURY DEMAND

WHEREFORE, Sestra requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

__/s/__David C. Deal_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintif*

John D. Gugliotta (OH Bar No.: 0062809)
Gugliotta & Gugliotta, LPA
3020 West Market Street, Suite C
Fairlawn, OH 44333
216-253-2225, Telephone
216-253-6658, Fax
johng@inventorshelp.com
*Pro hac vice motion pending*