IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SESTRA SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:20-cv-17 |
| v. | ) |
| | ) |
| BARTRACK, INC., | ) |
| | ) By: Hon. Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant | ) |

## MEMORANDUM OPINION

Sestra Systems, Inc., ("Sestra") filed this lawsuit on March 3, 2020, alleging that defendant BarTrack, Inc., ("BarTrack") is infringing four of the patents that Sestra has acquired as part of its beverage dispensing system. ECF No. 1. On April 30, 2020, BarTrack filed a motion to dismiss for failure to state a claim, prompting Sestra to file its first amended complaint on May 21, 2020. ECF Nos. 25, 28. BarTrack filed a second motion to dismiss for failure to state a claim on June 2, 2020. ECF No. 29. Rather than respond to the motion to dismiss, BarTrack filed a motion to conduct discovery and to convert the motion to dismiss to a motion for summary judgment. ECF No. 32. For the reasons discussed more fully below, the court **GRANTS** the motions to dismiss and **DISMISSES** Sestra's lawsuit **without prejudice**. BarTrack's motion to conduct discovery and to convert the motion to dismiss to a motion for summary judgment is **DENIED**.

**I. Background**

In its amended complaint, Sestra alleges that it is in the business of designing, manufacturing, and selling automated beverage dispensing products and systems. Its products

include automated faucets and taps and inventory management systems. Sestra markets and sells its products to hospitality, entertainment venues, and retail establishments that serve beer, wine, liquor, and cocktails.

Sestra has been successful with its products which allow its customers to dispense beverages and reduce "shrinkage," or the unauthorized dispensing or over-pouring of beverages. Sestra also provides real-time management and inventory control and reporting. Sestra has obtained at least four patents: (1) United States Utility Patent No. 9,926,181 entitled "Touchless Tap Handle for Beverage Dispensing (the '181 patent); (2) United States Utility Patent No. 10,294,093, entitled "Touchless Tap Handle for Beverage Dispensing (the '093 patent); (3) United States Utility Patent No. 10,125,002 entitled "Beverage Dispensing System" (the '002 patent); and (4) United States Utility Patent No. 10,167,183 entitled "System and Method for Beverage Dispensing" (the '183 patent). As a result of its market success and patented technical development, Sestra has established substantial and valuable goodwill among its customers.

Sestra alleges that BarTrack advertises its products as similar in purpose to those of Sestra, including (1) a Smart Faucet that provides for automatic beverage pouring; (2) an inventory management system that continuously monitors beer-specific variables and alerts a customer when anomalies occur; and (3) a Point of Sale ("POS") system that compares what was sold against what was poured. Sestra further alleges that BarTrack touts its inventory management product or process and its smart tap product or process on its website, without having made investments of development and money that result in patented technology, and that BarTrack has not created customer service and support systems that have led to rapid

commercial success. Instead, BarTrack approaches Sestra's existing customers and makes "grandiose" claims about its "revolutionary technology" being "the most accurate, reliable, and cost-efficient" on the market. ECF No. 28, ¶ 23.

In addition, Sestra alleges that BarTrack advertises its "sensor-enabled inventory management system" as "patent-pending," and asserts on information and belief that BarTrack does not have such a patent pending. Sestra further alleges on information and belief that BarTrack continues to make, use, sell, or advertise for sale products that read and infringe Sestra's '181 and '093 patents, and continues to make, sell, or advertise for sale products that when installed as modifications to existing beverage dispensing systems, result in a combination that reads and infringes upon Sestra's '002 and '183 patents.

Sestra also alleges on information and belief that BarTrack intentionally contacts Sestra's customers and states false, misleading, deceptive, and harmful information concerning Sestra's products in an effort to vilify Sestra, discourage Sestra's potential and existing customers from engaging in business with or purchasing products from Sestra, and encourages customers to engage in business with BarTrack and purchase BarTrack products. Sestra alleges that BarTrack knows or should know of some of Sestra's contractual relationships with its customers and also of the "business expectancy" that Sestra has with its customers and prospective customers.

Sestra also alleges that on information and belief, BarTrack does not possess some of the products or inventory of its own unique design to sell or provide, but is engaging in "vaporware," defined as the practice of advertising or selling software or hardware that is not yet available to buy, either because it is only a concept or because it is still being written or

3

designed. Sestra claims that BarTrack's vaporware activities are done intentionally to induce or cause a breach or termination of the contractual relationship between Sestra and its customers, or to cause a breach or termination of the business expectancy between Sestra and its customers.

Based on the foregoing, Sestra asserts the following causes of action:

(1) BarTrack's inventory management system, either alone or in conjunction with its smart tap system, infringes Claim Nos. 1 and 5 of the '183 patent and Claim No. 1 of the '002 patent;

(2) BarTrack's smart tap system infringes Claim No. 1 of the '093 patent and Claim No. 1 of the '181 patent;

(3) BarTrack's conduct has caused and will cause direct infringement, indirect infringement, induced infringement, contributory infringement, and infringement under the doctrine of equivalents;

(4) Product Disparagement/Defamation under the Lanham Act and also under Virginia common law;

(5) False Marking under 35 U.S.C. § 292; and

(6) Tortious Interference with Contract or Business Expectancy.

Sestra seeks relief in the form of a preliminary and permanent injunction enjoining BarTrack from making, using, selling, offering for sale, or importing any product which infringes upon the patents-in-suit; an injunction enjoining BarTrack from disparagement of Sestra's products, falsely marking products as "patent pending," and from interfering with contracts or business expectancies between Sestra and its customers or prospective customers; statutory damages, actual damages, attorneys fees and costs under 35 U.S.C. § 292; and several other forms of injunctive relief. See ECF No. 28 at 14.

## II. Sestra's Motion to Conduct Discovery and to Convert Sestra's Motion to Dismiss to a Motion for Summary Judgment

It its motion to dismiss, BarTrack asserts that Sestra's first amended complaint does not contain facts sufficient to support the causes of action it alleges. BarTrack also avers that Sestra filed this action not to recover for valid claims or harm, but to unfairly compete with BarTrack. Rather than respond to the motion to dismiss, Sestra filed a motion pursuant to Fed. R. Civ. P. 56(d), seeking permission to conduct discovery prior to responding to the motion to dismiss. Sestra claims that discovery is needed to respond to the allegations regarding its patent infringement claims. In addition, Sestra asks the court to convert the renewed motion to dismiss into a motion for summary judgment and permit discovery to be had prior to requiring a response to the motion.

In support of its motion, Sestra submitted the declaration of Lev Volftsun, its Chief Executive Officer. Volftsun stated that it is his belief, to a reasonable degree, that the referenced claims in the First Amended Complaint are likely infringed by BarTrack's allegedly infringing products and methods. His belief is based on BarTrack's online information and other available documentation. He further stated that he is unable to examine BarTrack's allegedly infringing products and methods without being permitted to do so via discovery in this lawsuit, because the products and methods are not publicly available as they cannot be purchased online or from a storefront. Sestra is requesting discovery so that it can prepare a detailed, element-by-element claims chart. Decl. of Lev Volftsun, ECF No. 32-1. Notably, Sestra has not asked to conduct discovery to support any of its other claims.

Rule 56 discusses motions for summary judgment and Rule 56(d) provides that when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present

facts essential to justify its opposition to a motion for summary judgment, the court may defer the motion or deny it, to allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. However, given that BarTrack has filed a motion to dismiss for failure to state a claim, rather than a motion for summary judgment, Rule 56(d) does not come into play at this point in the litigation.

Although Sestra does not cite to Rule 12(d), the rule provides that if a motion brought under Rule 12(b)(6) or 12(c) presents matters outside the pleadings which are not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. When a motion to dismiss is converted to a motion for summary judgment, all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. BarTrack included an updated screen shot of its webpage with its motion to dismiss, but that material does not provide a sufficient basis to convert the motion to dismiss to a motion for summary judgment. See Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999) (finding court may consider extraneous material attached to motion to dismiss when it is integral to and explicitly relied on in complaint and plaintiff does not challenge its authenticity). Thus, because BarTrack's motions to dismiss did not include matters outside the pleadings, Rule 12(d) does not provide a means to convert BarTrack's motion to dismiss into a motion for summary judgment.

Sestra argues that it must be able to conduct discovery because BarTrack seeks dismissal with prejudice and by seeking a ruling on the merits, it really is seeking summary judgment under Rule 56. ECF No. 32 at 2. Rather than providing a ground to convert the Rule 12(b)(6) motion into a Rule 56 motion, this argument shows a misunderstanding of a

Rule 12(b)(6) motion to dismiss. A court may dismiss an action for failure to state a claim and such a dismissal is a judgment on the merits. Harris v. Wells Fargo Bank, N.A. for WaMu Mortgage Pass-Through Certificates Series 2006-PR-1-Trust, No. 3:16-cv-174-JAG, 2017 WL 838687 (E.D. Va. Mar. 3, 2017). See also Harding v. Kellam, 155 F.3d 559, 1998 WL 406866, *5 (4th Cir. 1998) (Table) (quoting Bell v. Hood, 327 U.S. 678, 681 (1946)) ("For it is well settled law that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.") The fact that BarTrack seeks to dismiss Sestra's claims with prejudice does not mean that the motion to dismiss should be converted to a motion for summary judgment.

Sestra further argues that it needs to be able to conduct discovery because it is unable to obtain any of BarTrack's products to prepare an element-by-element analysis of the products. However, an inability to garner facts to withstand a motion to dismiss does not entitle a plaintiff to conduct discovery. "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

There are some exceptions to this rule. For example, in Crawford-El v. Britton, 523 U.S. 574, 599-600 (1998), the Supreme Court explained that the discovery rules permit a court to allow limited discovery in the face of a motion to dismiss based on qualified immunity. Courts also have allowed limited discovery when an issue of standing was raised in a Rule 12(b)(1) motion, Total Renal Care of North Carolina, L.L.C. v. Fresh Market, Inc., 457 F.Supp.2d 619, 623 (M.D.N.C. 2006), and when the issue of personal jurisdiction was raised

7

in a motion to dismiss, Celgard, LLC v. SK Innovation Co., Ltd., No. 3:13-CV-00254-MOC, 2013 WL 7088637, at *2, 6 (W.D.N.C. Nov. 26, 2013); Rich v. KIS California, Inc., 121 F.R.D. 254, 257-58 (M.D.N.C. 1988). However, no cases were found where limited discovery was permitted to allow a plaintiff to gather evidence to oppose a motion to dismiss for failure to state a claim on the merits.

Having found no basis in this case for converting BarTrack's Rule 12(b)(6) motion to dismiss into a motion for summary judgment, the court **DENIES** Sestra's motion to do so. The court further **DENIES** Sestra's motion to conduct discovery, because, as discussed more fully below, it has failed to state a claim for relief and thus is not entitled to pursue discovery at this time.

### III. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations, which, if accepted as true, "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

When ruling on a motion to dismiss, the court accepts "the well-pled allegations of the complaint as true" and "construe[s] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir.

1997). While the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court need not accept as true "'legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments.'" Richardson v. Shapiro, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009)) (internal quotation marks omitted). Thus, a complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to relief and the defendant is liable for the unlawful act or omission alleged. See Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (affirming dismissal of claim that simply stated a legal conclusion with no facts supporting the allegation) and King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim.") (quoting Iqbal, 556 U.S. at 679).

**A. Patent Claims**

"Patent infringement determinations require a two-step analysis: (1) the asserted claims of the patent must be properly construed to determine their meaning and scope; and (2) the claims as properly construed must be compared to the allegedly infringing device." Leviton Mfg. Co., v. Universal Sec. Instruments, Inc., 409 F.Supp.2d 643, 653-54 (D. Md. 2006) (citing Hoechst Celenese Corp. v. B.P. Chems. Ltd., 78 F.3d 1575, 1578 (Fed. Cir. 1996)). In commenting on a motion to dismiss for failure to state a claim in a patent case, a district court stated that patent cases are not exempt from the requirements of Twombly and Iqbal.

Macronix Intern. Co., Ltd. v. Spansion, Inc., 4 F.Supp.3d 797, 803 (E.D. Va. 2014). The court noted that patent cases are known for extensive discovery and high litigation costs and added, "It is not logical to exempt them from the reach of Twombly and Iqbal, whose prime purpose was to assure that such expense was not incurred unless plaintiff had posited a plausible claim in the complaint." Id. The court specifically rejected the approach advocated by Sestra in this case:

> Satisfying the requirements of Twombly and Iqbal, of course, will require counsel to focus complaints only on viable claims. Thus, before filing a complaint, counsel must ascertain exactly what claims should alleged to be infringed and how they are infringed. That can be done with brevity and clarity if counsel know at the outset their theories of infringement and what can, and cannot, be said about allegedly infringing conduct. That, in turn, may well, indeed likely will, require expert assistance. And, it will mean taking great care when crafting a succinct, but sufficient, patent complaint. But, that is not asking too much.
>
> Indeed, it is high time that counsel in patent cases do all of that work before filing a complaint. That, of course, will serve to winnow out weak (or even baseless) claims and will protect defendants from the need to prepare defenses for the many claims that inevitably fall by the way side in patent cases. That also will serve to reduce the expense and burden of this kind of litigation to both parties which, like the antitrust litigation in Twombly, is onerous. The current practice is to file a Form 18[1] complaint and then, using claim charts, prior art charts, discovery, and motions, to pare claims that ought not to have been brought or that cannot withstand careful scrutiny. That process has proven to be an increasingly expensive proposition for the parties and one that takes a tremendous toll on already strained judicial resources.

Id.

Similarly, in Mician v. Catanzaro, No. 2:17-cv-548, 2018 WL 2977398, at *3, n. 2 (E.D. Va. June 13, 2018), the district court dismissed a complaint and gave the plaintiff thirty days

---

[1] Form 18 was part of the Appendix of Forms found at the end of the Federal Rules of Civil Procedure and was abrogated effective December 1, 2015. Macronix, 4 F.Supp.3d at 798; Mician v. Catanzaro, No. 2:17-cv-548, 2018 WL 2977398, *3, n. 2 (E.D. Va. June 13, 2018).

to amend when the complaint stated in conclusory fashion that the defendant's offending device was virtually identical to plaintiff's patented device but failed to identify the features they allegedly had in common. In addition, the complaint alleged that the offending device infringed nine of eleven claims of the plaintiff's patent but failed to identify which elements of the device corresponded with which limitations. See also Artrip v. Ball Corporation, No. 1:14CV00014, 2017 WL 3669518, at *4-5 (W.D. Va. Aug. 24, 2017) (dismissing complaint with leave to amend when complaint alleged only that the defendant infringed patents by "using" patented systems but did not identify the equipment the defendant infringed, the claims that were infringed, or how use of the unspecified equipment infringed the unspecified claims).

At this point, Sestra's allegations of patent infringement are wholly conclusory. Sestra alleges that BarTrack's products are similar in purpose to Sestra's products because BarTrack advertises a Smart Faucet that provides for automatic beverage pouring, an inventory management system that monitors beer-specific variables and alerts when anomalies occur, and a POS system that compares what was sold with what was poured. Based on that description, Sestra then asserts that BarTrack's products and systems infringe Claim Nos. 1 and 5 of the '183 patent; Claim No. 1 of the '002 patent; Claim No. 1 of the '093 patent; and Claim No. 1 of the '181 patent. However, Sestra does not plead sufficient facts to allow the court to engage in even a cursory analysis of determining the meaning and scope of the asserted claims and then comparing the claims to the allegedly infringing device.

Consistent with Rule 12(b)(6) and the cases interpreting the rule in patent infringement cases, the court **GRANTS** the motion to dismiss and **DISMISSES** the patent causes of action without prejudice for failure to state a claim. Because Sestra has amended its claim once

without clarifying its patent causes of action, the court finds that it would be futile to give Sestra another opportunity to amend its claims at this time. Nevertheless, the dismissal is without prejudice, affording Sestra the opportunity to file a lawsuit in the future should it obtain information allowing it to state a claim for patent infringement.

### B. Product Disparagement and Defamation Under the Lanham Act and Virginia Common Law

The Lanham Act, 15 U.S.C. § 1125, prohibits the "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." Any person who makes such a description or representation in commerce is subject to liability in a civil action to any person who believes that he or she is likely to be damaged by such act. 15 U.S.C. § 1125(a).

To make out a claim under the Lanham Act, a plaintiff must establish all of the following:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

Wall & Assoc., Inc., v. Better Business Bureau of Central Virginia, Inc., 685 F. App'x 277, 278 (4th Cir. 2017) (per curiam) (quoting Verisign, Inc. v. XYZ.COM LLC, 848 F.3d 292, 298-99 (4th Cir. 2017)).

Sestra asserts that BarTrack touts its allegedly infringing products and systems on its website and has made false or misleading descriptions of fact or representations of fact about Sestra's products and BarTrack's products. However, Sestra does not identify any statement or representation, false or otherwise, to support this claim. The only support Sestra offers for its allegation is its claim that BarTrack stated "directly or by implication that [Sestra's]s products are inferior to [BarTrack's] and that BarTrack 'monitors every drop of beer' to 'subsequently result in a significant increase in keg yields, which translates to thousands of dollars of realized revenue each year.'" ECF No. 28, ¶ 63. Sestra provides no factual support to show that BarTrack's claims are false. Nor does BarTrack mention Sestra on its web page, ECF Nos. 28-5 and 30-1, and it is unclear how its description of its own product and system on its web page implies that Sestra's products are inferior. Also, nothing in the materials attached to Sestra's amended complaint supports the allegation that BarTrack claimed it has the ability to monitor "every drop of beer," although it does claim to be able to increase keg yields and profits.

In addition, Sestra does not identify any customer or prospective customer with whom BarTrack has discussed Sestra's products or systems. Finally, Sestra has pleaded no facts to support its conclusory allegation that any statement by BarTrack has injured or is likely to injure Sestra's sales of its products.

Based on the foregoing, Sestra has failed to state a claim against BarTrack for a Lanham Act violation. Accordingly, BarTrack's motion to dismiss this claim is **GRANTED** without prejudice.

**C. False Marking**

The false marking statute, 35 U.S.C. § 292, provides in relevant part the following:

**(a)** Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public--

Shall be fined not more than $500 for every such offense. Only the United States may sue for the penalty authorized by this subsection.

**(b)** A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

An entity violates Section 292 when it falsely marks an unpatented article and does so for the purpose of deceiving the public. Sukumar v. Nautilus, Inc., 842 F.Supp.2d 951, 956 (W.D. Va. Feb. 10, 2012). A private actor alleging a violation of the statute must show a "competitive injury." Id. at 956 n. 2.

A false marking claim requires an intent to deceive the public and as such, sounds in fraud. Juniper Networks, Inc., v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011). As with other fraud claims, a plaintiff must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires that a party state with particularity the circumstances surrounding fraud or mistake. Id. (citing In re BP Lubricants USA Inc., 637 F.3d 1307, 1309 (Fed. Cir. 2011). Rule 9(b) requires a plaintiff to plead in detail the "who, what, when, where, and how" of the alleged fraud and the pleading requirements must be applied in a way that relates to false marking claims. Id. (internal citations and quotations omitted).

In this case, Sestra has asserted that BarTrack advertises its "sensor enabled inventory management system" as "patent-pending," when, on information and belief, BarTrack has no patent pending. Notwithstanding that Sestra has pled in the alternative that BarTrack does not even have products for sale, the allegation that BarTrack claims it has a patent pending when it does not, read very permissively, sufficiently states the first element of the false marking cause of action. See In re Cree, Inc., Securities Litigation, No. 1:03CV00549, 2005 WL 1847004, at *3 (M.D.N.C. Aug. 5, 2005) (noting that despite generally rigid requirement that fraud be pleaded with particularity, a plaintiff may base allegations on information and belief when facts are peculiarly within knowledge of opposing party, but complaint must adduce facts supporting a strong inference of fraud); but see Bowen v. adidas America, Inc., 416 F.Supp.574, 578 (D.S.C. 2019) ("[F]actual allegations based on 'information and belief' are generally inappropriate under Rule 9(b) and insufficient to satisfy Rule 9(b)'s heightened pleading standard.")

However, even if Sestra adequately pleaded that BarTrack is falsely marking a product as patent-pending, Sestra has not pled any facts to support a claim that it has suffered a "competitive injury." It identifies no customers which it has lost or is in danger of losing due to any false marking by BarTrack, or otherwise shown any injury. Accordingly, Sestra has failed to state a claim for false marking and the motion to dismiss this claim is **GRANTED** without prejudice.

### D. Tortious Interference

Sestra also asserts a cause of action for tortious interference with a contract or business expectancy. The elements of tortious interference with contractual relations include: (1) a valid

15

contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgmt., Inc., 737 F. Supp. 2d 533, 552, (E.D. Va. 2010) (citing Chaves v. Johnson, 230 Va. 112, 335 S.E.2d 97, 102 (1985)).

When alleging interference with a prospective economic advantage, a plaintiff also must demonstrate that the defendant employed "improper methods." Commerce Funding Corp. v. Worldwide Sec. Services Corp., 249 F.3d 204, 214 (4th Cir. 2001). Among the most egregious examples of improper conduct are those that involve illegal or independently tortious conduct, such as violations of statutes, regulations, or recognized common-law rules, "violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of insider or confidential information, or a breach of fiduciary relationship." Id. (citing Duggin v. Adams, 234 Va. 221, 360 S.E.2d 832, 836 (1978)). Less egregious improper methods include violations of an established standard of a trade or profession, sharp dealing, overreaching, or unfair competition. Duggin, 234 Va at 228, 360 S.E.2d at 837. When a contract is terminable at will, a plaintiff must allege and prove not only intentional interference, but also that the defendant employed improper methods. Id. 234 Va. at 227, 360 S.E.2d at 836.

Sestra's amended complaint is devoid of facts to support its allegation of tortious interference. Sestra names no business or entity with which it has a contract or business expectancy, describes no facts showing BarTrack had knowledge of any contract or business

16

expectancy Sestra might have had, and describes no damages it has suffered. Sestra does allege that BarTrack's "vaporware activities" are done intentionally to induce or cause a breach of termination of the contractual relationship or the business expectancy between Sestra and its customers, but, again, does not allege that it has a contract with any entity that was affected by BarTrack's activities. For these reasons, Sestra's tortious interference claim is **DISMISSED** without prejudice for failure to state a claim.

## IV. Conclusion

BarTrack's motions to dismiss, ECF Nos. 25 and 29, are **GRANTED**. Sestra's causes of action are **DISMISSED without prejudice** for failure to state a claim. Sestra's motion for discovery to be had and to convert the motion to dismiss into a motion for summary judgment, ECF No. 32 is **DENIED**.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: December 7, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.07 12:00:36 -05'00'

Michael F. Urbanski
Chief United States District Judge